

FILED

06 DEC -8 PM 2:55

CLEVELAND OHIO

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 1:06 CR 445 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Judge Dan Aaron Polster |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| EMMITT F. SMITH, | ) | **AND ORDER RE: DENYING** |
| | ) | **MOTION FOR REVOCATION** |
| Defendant. | ) | **OF DETENTION ORDER (ECF NO. 20)** |

Before the Court is Defendant's Motion for Revocation of Detention Order (ECF No. 20). For the following reasons, the Motion is **DENIED**.

**I.**

Defendant Emmitt F. Smith was arrested August 31, 2006 for allegedly being a felon in possession of a firearm. Smith appeared for a detention hearing September 12, 2006, after which Magistrate Judge Baughman found that he was both a flight risk and a danger to the community, and ordered that Smith be detained. *ECF No. 8*. Smith was subsequently indicted, *ECF No. 9*, and on November 20, 2006, entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), *ECF No. 19*. Sentencing is scheduled for February 12, 2007. *Id.*

On November 27, Smith filed the pending Motion for Revocation of Detention Order. *ECF No. 20.* The United States filed a response in opposition November 29, *ECF No. 21*, and on the same day, Pretrial Services sent a letter to the Court opposing Smith's motion. (The letter is attached as Ex. A.)

On a motion by the government for pretrial detention of a criminal defendant, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, or by clear and convincing evidence that the defendant poses a danger to the community. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985), in turn citing § 3142(f) of the Bail Reform Act of 1984). The Court finds that there was ample basis for the Magistrate Judge to order Smith detained following his arrest. Smith has a lengthy record, including four felony convictions. Several months ago, a state court summons was mailed to Smith at his confirmed address. Notwithstanding the fact that the summons was executed, Smith failed to appear, and a warrant was issued for his arrest. On August 27, 2006, Smith was arrested on separate felony charges. These two cases, which include assault and weapons charges, are pending.[1]

---

[1] Specifically, the Magistrate Judge found by both a preponderance of the evidence, and clear and convincing evidence, that the factors set out in 18 U.S.C. § 3142(g) favored Smith's detention:

> The offense charged is a crime of violence; the weight of the evidence against the defendant is substantial, including a confession of guilt; the defendant has an extensive criminal record, including three convictions for drug trafficking and a conviction for theft; the defendant has a history of drug abuse and tested positive for use of marijuana; and at the time of his arrest was fleeing from a warrant for felonious assault and having a weapon under a disability.

*ECF No. 8*, at 1.

Having entered a plea of guilty, the burden shifts to the defendant to show by clear and convincing evidence that he is not likely to flee and is not a danger to the community. *United States v Vance*, 851 F.2d 166, 170 (6th Cir. 1988) (holding that the enactment of § 3143 of the Bail Reform Act of 1984 created a presumption in favor of detention for persons awaiting sentence) (citations omitted); *see also United States v. Luisa*, 266 F.Supp.2d 440, 446 (W.D. N.C. 2003) (holding that § 3143 applies to a defendant who has entered a guilty plea but has not yet been sentenced). Smith has not presented any evidence to support his release, other than that he was cooperative at the time of arrest and showed the police where the weapon was stored. The United States correctly notes that Smith now has a further incentive to flee, as he is facing a lengthy federal prison sentence. The Court thus concludes that no condition or combination of conditions will insure Smith's presence at sentencing or will protect the community during the interim, and orders Smith's continued detention.

II.

Accordingly, Defendant's Motion for Revocation of Detention Order (ECF No. 20) is hereby DENIED.

IT IS SO ORDERED.

/s/ Dan A. Polster
_____
**Dan Aaron Polster**
**United States District Judge**

-3-